OPINION
Defendant Ingram Anthony Brown appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for aggravated robbery in violation of R.C. 2911.01 with a firearm specification in violation of R.C. 2941.145, after a jury verdict of guilty. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR "I. DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL AND TO DUE PROCESS WERE VIOLATED WHEN HE WAS CONVICTED ON EVIDENCE INSUFFICIENT TO SUSTAIN THE VERDICT.
 "II. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
The record indicates on April 26, 2001, at approximately 12:23 p.m., two men robbed a Maggiore's Drive Thru convenience store in Canton, Stark County, Ohio. One of the robbers had a handgun. The Maggiore's employee working that night was named Ken Armstrong. After the investigating officers spoke with Armstrong, they left, but returned shortly with Marzette Atkins. Armstrong identified Atkins as the robber who carried the gun. Armstrong also gave investigating officers a video tape of the robbery captured by security cameras mounted at the store.
Shortly after the robbery, Canton Canine Police officer Charles Saler arrived on the scene with his dog, Maxwell. Maxwell tracked the route the robbers took upon fleeing the store. Maxwell alerted along a fence, several blocks from Maggiore's, where Maxwell discovered a twenty-two semi-automatic pistol. Although no fingerprints could be retrieved from the weapon, it tested as an operable firearm.
Meanwhile, police interviewed Marzette Atkins. Atkins alleged at the time of his arrest and interview, he was under the influence of the drug Ecstasy, and had been using drugs for the past three days. Police permitted Atkins to telephone his mother, who stressed to him the importance of being honest. Police officers also advised Atkins it might be helpful to his case if he provided the name of the second robber. Atkins identified his accomplice as a man named Ingram.
The Canton Police assembled a photo-array containing various driver's license pictures, including appellant's. The day after the robbery Armstrong picked out appellant's picture as the second robber. When he attended Atkins' arraignment, however, Armstrong identified a different person as the second robber.
At trial, appellant's twenty-year old girlfriend, Fallidi DuBose testified on appellant's behalf. DuBose testified appellant was with her and their son at the time the Maggiore's was robbed. She testified appellant was at the house for four and one-half hours, arguing with her about visitation with the child. DuBose admitted she did not come forward to give appellant an alibi until defense counsel contacted her. She testified initially she did not care whether appellant was wrongly convicted, but later, he promised to get a job and help take care of their child.
 I
In his first assignment of error, appellant argues the jury verdict is not supported by sufficient evidence. The Ohio Supreme Court has held sufficiency is a term of art referring to a legal standard the trial court applies to determine whether to submit the matter to the jury,State v. Thompkins 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. Our standard of reviewing sufficiency of the evidence claims is to view the evidence in a light most favorable to the State of Ohio, and to determine whether, as a matter of law, the evidence produced at trial is adequate to support a conviction. Evidence is sufficient if any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt, Id.
The elements of the crime of aggravated robbery are a person knowingly obtained or exerted control of the property of another with the purpose of depriving the owner of the property. The accused must have a deadly weapon on his person or under his control, and display the weapon or brandish it.
Appellant argues Atkins' testimony was unreliable because he had been under the influence of drugs during his interviews, and gave appellant's name only after police suggested appellant was the other perpetrator. Appellant challenges Armstrong's identification of his driver's license photo as the person Armstrong witnessed robbing the Maggiore's, because Armstrong identified another person at Atkins' arraignment. Finally, appellant urges the video does not clearly identify him, and the State failed to produce physical evidence that appellant had handled various items associated with the robbery.
The State responds that it had presented evidence appellant went into a store with Atkins, knowing Atkins had an operable firearm, and took money from the register of the store. Our review of the record leads us to conclude there was sufficient evidence presented to support the trial court's decision to send the matter to the jury for factual determination.
The first assignment of error is overruled.
 II
In his second assignment of error, appellant asserts the jury's verdict is against the manifest weight of the evidence. The Supreme Court has defined issues regarding weight of the evidence as the amount of evidence adduced in support of one side of an issue. Id. This court may only reverse if it finds a jury clearly lost its way and rendered a verdict resulting in a manifest miscarriage of justice. The Supreme Court advised us to reverse only in the exceptional case where the evidence weighs heavily against conviction, Id.
It has long been the rule in Ohio that it is for the trier of fact to weigh the evidence and determine the credibility of the witnesses, Statev. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212.
We find the State presented sufficient competent and credible evidence going to each element of the crime charged, such that the jury could conclude appellant was guilty beyond a reasonable doubt.
The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By GWIN, P.J., FARMER, J., and EDWARDS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.